UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GREGORY R. YOUNG,

    Petitioner,

v.                                     Case No. 5:14cv249/RV/CJK

N. C. ENGLISH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Gregory Young's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1). The government has filed a response to the petition (doc. 13) and petitioner has filed a reply to the response (doc. 15). The matter is referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes the petitioner is not entitled to relief under § 2241, and the petition should be dismissed for lack of jurisdiction.

### FACT BACKGROUND A PROCEDURAL HISTORY

On June 7, 2005, petitioner was convicted in the U.S. District Court for the Southern District of Ohio on charges of possession with intent to distribute cocaine and possession with intent to distribute cocaine base. *United States v. Young*, Case

No. 2:04cr218-EAS-NMK, Doc. 61 (S.D. Ohio).[1]  Petitioner was sentenced to 240 months' imprisonment on each charge, the sentences to run concurrently.  *United States v. Young*, No. 2:04cr218-EAS-NMK, Docs. 71, 72.  Petitioner's convictions were affirmed on appeal.  *United States v. Young*, 243 F. App'x 105 (6th Cir. 2007).  Petitioner then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  *United States v. Young*, Case No. 2:04cr218-EAS-NMK, Doc. 85.  The district court denied the motion, *id.*, docs. 126, 132, and the Sixth Circuit affirmed the denial.  *Id.*, Doc. 44.  The Sixth Circuit also denied petitioner's applications to file a second or successive § 2255 motion to vacate.  *Id.*, Docs. 149, 164.  Mr. Young also filed an earlier § 2241 petition in this court in 2013, which the Court denied on initial screening.  *Young v. English*, Case No. 1:13-cv-98 (N.D. Fla. Nov. 22, 2013).

The instant petition for writ of habeas corpus asserts petitioner was sentenced for a crime for which he was not convicted.  (Doc. 1, p. 6-7).  To support this assertion, petitioner has provided the court with an excerpt from his sentencing hearing transcript.  (*Id.*, p. 10-13).  The excerpt reflects the judge in petitioner's criminal case made the following statements at the sentencing hearing:

> All right.  The defendant is before me for sentencing on two counts – He was convicted by a jury in this court – Count 1 possession with intent to distribute 107 grams of crack cocaine; and Count 2 possession with intent to distribute 134 grams of crack cocaine.
> There are a lot of issues in this case, some of which we have already discussed.  I will first focus on the conduct in this case.  The relevant conduct as computed is approximately 200 grams of crack cocaine.  This is a bit different than the typical distribution case of crack cocaine which might otherwise be in this court.

---

[1] The court takes judicial notice of petitioner's criminal proceedings in *United States v. Young*, Case No. 2:04cr218-EAS-NMK (S.D. Ohio).  *See* Fed. R. Evid. 201.

Case No. 5:14cv249/RV/CJK

> . . .
> Looking at all of this, it is the judgment of the Court that the defendant shall be placed in the custody of the Bureau of Prisons on Count 1 for a term of 240 months and on Count 2 also 240 months, with each of those to run concurrently.

(*Id.*, p. 11-12). Based on these statements, petitioner argues his sentence should be vacated because the judge sentenced him for two convictions of possession with intent to distribute crack cocaine when, in fact, the jury convicted him of one count of possession with intent to distribute crack cocaine and one count of possession with intent to distribute powder cocaine. (*Id.*, p. 6-7).

Petitioner's second basis for habeas relief concerns his presentence investigation report. Petitioner claims "the court was mislead [sic] by a faulty pre-sentence report, which used a plea coliquay [sic] on a 1987 prison sentence which was later vacated." (*Id.*, p. 7). Petitioner notes "[n]othing was used as far as Shephard Approved documents when petitioner pled guilty at a later date." (*Id.*); *see Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005) (holding sentencing judge may look only to charging documents, plea agreements, transcripts of plea colloquies, or a comparable judicial record to determine whether a defendant's prior criminal convictions qualify as predicate felonies for purposes of an enhanced sentence under the Armed Career Criminal Act). Petitioner attached an order to his petition from a Pennsylvania state court that granted petitioner leave to withdraw guilty pleas he entered on October 9, 1987. (Doc. 1, p. 14).

The government's response to the petition argues the court lacks jurisdiction to entertain the petition because petitioner has not established entitlement to proceed under the savings clause of § 2255. (Doc. 13).

## DISCUSSION

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205 (1952); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981)[2] ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."). Direct review of a federal conviction and sentence may be sought by filing a notice of appeal in the underlying criminal case. A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court which imposed the sentence. *Darby*, 405 F.3d at 944; *see also* 28 U.S.C. § 2255(a) (providing that a federal prisoner may file a § 2255 motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.").

Section 2255(e) bars a § 2241 petition if the prisoner has failed to seek, or has already been denied relief on a § 2255 motion, "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

Case No. 5:14cv249/RV/CJK

1352 n.1 (11th Cir. 2008) ("[A] § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so."). The narrow exception to the § 2255(e) bar is called the "savings clause." *Gilbert v. United States*, 640 F.3d 1293, 1305-06 (11th Cir. 2011). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013) (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). "The applicability of the savings clause is a threshold jurisdictional issue. . . ." *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013); *see also Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262-63 (11th Cir 2013) (alterations in original) (quoting *Williams*, 713 F.3d at 1340) ("Section 2255(e)'s language–'shall not be entertained'–speaks 'in imperative terms regarding a district court's power to entertain a [§ 2241] claim,' and 'in enacting § 2255(e), Congress clearly restricted the subject-matter jurisdiction of the federal courts' over § 2241 petitions.").

Here, because petitioner is challenging the validity–not the execution–of his sentence, he must demonstrate he is entitled to proceed under the savings clause of 28 U.S.C. § 2255. In *Bryant v. Warden, FCC Coleman-Medium*, the Eleventh Circuit outlined "the five specific requirements a § 2241 petitioner must satisfy to proceed under § 2255(e)." 738 F.3d at 1257. The five requirements are:

> (1) throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, this Court's precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition; (2) after the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent; (3) that Supreme Court decision applies retroactively on collateral review; (4) as a result of that Supreme Court decision

applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and (5) the savings clause of § 2255(e) reaches his claim.

*Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014) (summarizing *Bryant*'s five requirements).

Petitioner fails to show entitlement to proceed under the savings clause of § 2255. Petitioner seeks habeas relief because of his claim he was sentenced for a crime of which he was not convicted, and that the sentencing court relied on a "faulty" presentence investigation report. (Doc. 1). Petitioner, however, has not satisfied the requirements of *Bryant*. Both of petitioner's claims could have been raised on direct appeal or in a motion to vacate brought pursuant to 28 U.S.C. § 2255. In addition, petitioner has failed to identify a retroactive Supreme Court decision rendered after his first § 2255 motion that overturned binding precedent that precluded his claims.[3] The only Supreme Court decision petitioner references, *Shepard v. United States*, 544 U.S. 13 (2005), was decided before petitioner was convicted and sentenced. Because petitioner has failed to satisfy *Bryant's* five requirements for entitlement to proceed under the savings clause, the petition should be dismissed for lack of jurisdiction.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1) filed pursuant to 28 U.S.C. § 2241 be DISMISSED for lack of jurisdiction.

2. That the clerk be directed to close the file.

---

[3] Petitioner attempted to bring the claims raised in this petition in another § 2241 petition previously filed in this district. *See Young v. English*, N.D. Fla. Case No. 1:13cv98/SPM/GRJ, Doc. 1. In that case, petitioner's claims were dismissed because he failed to identify a retroactively applicable, circuit law-busting Supreme Court decision. *Id.*, Docs. 4, 11.

Case No. 5:14cv249/RV/CJK

At Pensacola, Florida, this 6th day of October, 2015.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.